IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>BK RACING, LLC,<br><br>          Debtor. | Chapter 11<br>Case No: 18-30241 |
| MATTHEW W. SMITH, Chapter 11<br>Trustee for BK RACING, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>IOWA CITY CAPITAL PARTNERS LC,<br><br>          Defendant. | Adversary Proceeding No.: 20-03009<br><br>ANSWER TO AMENDED COMPLAINT |

     Defendant Iowa City Capital Partners LC ("Defendant"), through counsel, and in answer to the Amended Complaint For Avoidance and Recovery of Fraudulent Transfers filed by Plaintiff Matthew W. Smith ("Plaintiff"), pleads as follows:

## I. RESPONSES TO ALLEGATIONS

1. The Plaintiff is the duly appointed, qualified, and acting trustee of the Debtor's chapter 11 estate.

     RESPONSE: Paragraph 1 is ADMITTED.

2. The defendant is Iowa City Capital Partners, LC ("ICCP," or the "Defendant"). The Defendant is a limited company organized under the laws of the State of Iowa with its principal place of business located at 2310 Lake Ridge Pl NE, North Liberty, Iowa.

     RESPONSE: Paragraph 2 is ADMITTED.

## VENUE AND JURISDICTION

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

RESPONSE: Paragraph 3 contains legal conclusions for which no response is required. To the extent paragraph 3 contains factual allegations, those allegations are ADMITTED.

4. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

RESPONSE: Paragraph 4 contains legal conclusions for which no response is required. To the extent paragraph 4 contains factual allegations, those allegations are ADMITTED.

5. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1409.

RESPONSE: Paragraph 5 contains legal conclusions for which no response is required. To the extent paragraph 5 contains factual allegations, those allegations are ADMITTED.

6. The statutory predicates for relief are 11 U.S.C. §§ 544 and 550.

RESPONSE: Paragraph 6 contains legal conclusions for which no response is required. To the extent paragraph 6 contains factual allegations, those allegations are DENIED.

7. The Plaintiff commences this action pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

RESPONSE: Paragraph 7 contains legal conclusions for which no response is required. To the extent paragraph 7 contains factual allegations, those allegations are ADMITTED.

## FACTUAL BACKGROUND

A. Procedural History of the Chapter 11 Case

8. On February 15, 2018, the Debtor filed a voluntary petition for relief under chapter 11.

RESPONSE: Paragraph 8 is DENIED, including for lack of information.

9. On March 9, 2018, creditor union Bank & Trust ("UBT") filed Union Bank & Trust's Motion to Appoint Chapter 11 Trustee (the "Trustee Motion").

RESPONSE: Paragraph 9 is DENIED, including for lack of information.

10. By entry of an order dated March 30, 2018, the Court granted the Trustee Motion and appointed Plaintiff as the chapter 11 trustee for the Debtor's estate.

RESPONSE: Paragraph 10 is DENIED, including for lack of information.

11. The Plaintiff is the duly qualified chapter 11 trustee.

RESPONSE: Paragraph 11 is ADMITTED.

B. Factual Background Regarding the Debtor

12. The Debtor is a North Carolina limited liability company that was formed in December 2011.

RESPONSE: Paragraph 12 is DENIED, including for lack of information.

13. From 2012 through 2018, the Debtor owned and operated a NASCAR Cup Series Racing team.

RESPONSE: Paragraph 13 is DENIED, including for lack of information.

14. At all times relevant to this complaint, the majority owners of the Debtor were Ronald C. Devine and Brenda S. Devine.

RESPONSE: Paragraph 14 is DENIED, including for lack of information.

15. Upon information and belief, Mr. and Mrs. Devine owned their majority equity interest in the Debtor indirectly through their ownership of Virginia Racers Group, LLC ("VRG").

RESPONSE: Paragraph 15 is DENIED, including for lack of information.

16. At all times relevant to this complaint, VRG owned between 76% and 80% of the membership interests in the Debtor.  VRG also served as the Debtor's manager.

RESPONSE: Paragraph 16 is DENIED, including for lack of information.

17. Upon information and belief, Mr. and Mrs. Devine owned 100% of the membership interests in VRG, and Brenda S. Devine served as VRG's managing member.

RESPONSE: Paragraph 17 is DENIED, including for lack of information.

18. Upon information and belief, the Devines served as officers and directors of the Debtor, and they always controlled the business and operations of the Debtor.

RESPONSE: Paragraph 18 is DENIED, including for lack of information.

C. Summary of the Transfers to the Defendant

19.  ICCP is a private investment firm that specializes in providing equity funding.  On information and belief, ICCP owned 10% of the Debtor's membership interests at all times relevant to this complaint.

RESPONSE: Paragraph 19 is DENIED.

20. On information and belief, ICCP was owned and controlled by Mr. Anthony Marlowe.

RESPONSE: Paragraph 20 is ADMITTED.

21. At all times relevant to this complaint, Mr. Marlowe served as an officer and director of the Debtor.

RESPONSE: Paragraph 21 is DENIED.

22. On or about June 17, 2014, ICCP made equity investments in the Debtor.

RESPONSE: Paragraph 22 is DENIED.

23.  In pertinent part, ICCP purchased its share in the Debtor's membership interests by making a $200,000.00 capital contribution to the Debtor.

RESPONSE: Paragraph 23 is DENIED.

24. Subsequently, the Debtor made the following distributions directly to ICCP from its operating account, in the aggregate amount of $200,000.00 (collectively, the "Transfers"):

| Date | Amount |
|------|--------|
| 06/27/2014 | $50,000.00 |
| 07/18/2014 | $25,000.00 |
| 07/16/2015 | $125,000.00 |

RESPONSE: Paragraph 24 is ADMITTED to the extent ICCP received loan repayments from BK Racing. The remaining allegations in paragraph 24 are DENIED.

25. On information and belief, the Transfers were equity distributions made to ICCP on account of its ownership of the Debtor's equity interests.

RESPONSE: Paragraph 25 is DENIED.

26. On information and belief, the Transfers were not made to compensate ICCP for goods or services rendered to the Debtor.

RESPONSE: Paragraph 26 is DENIED.

27. Further, the Debtor did not receive any benefit or value in return from making the Transfers.

RESPONSE: Paragraph 27 is DENIED.

D. The Debtor's Financial Circumstances at the Time of the Transfers

28. From its inception, the Debtor's financial performance was extremely poor, and its continued operations were untenable. Nevertheless, the Debtor continued to operate for years

even though it could not adequately service its long-term debt obligations, or routinely pay its basic operating expenses such as vendors, employees, and its payroll tax obligations.

RESPONSE: Paragraph 28 is DENIED, including for lack of information.

29. For example, the Debtor routinely failed to pay its federal payroll taxes from March 31, 2013 through the petition date. Upon information and belief, the Internal Revenue Service ("IRS") filed 24 separate tax liens against the Debtor on account of its unpaid tax obligations between August 2014 and December 2017. The IRS filed an amended proof of claim in this case in the amount of $2,888,281.89 on account of the Debtor's unpaid payroll tax liabilities and the related penalties and interest.

RESPONSE: Paragraph 29 is DENIED, including for lack of information.

30. The Debtor also failed to operate profitably prior to the petition date. For example, the Debtor operated at annual losses of between approximately $1.2 Million to $10.7 Million from 2012-2017. In the aggregate, the Debtor's books and records show that the Debtor sustained operating losses totaling approximately $48.5 Million from 2012 to 2017.

RESPONSE: Paragraph 30 is DENIED, including for lack of information.

31. The Debtor also generally failed to pay its debts as and when they came due prior to the petition date. For example, the Debtor routinely failed to pay its trade payables, and the amount of its trade payables grew substantially over time.

RESPONSE: Paragraph 31 is DENIED, including for lack of information.

32. The Debtor's books and records show that the Debtor's accounts payable totaled approximately $1.5 Million as of December 31, 2012 and that its accounts payable grew steadily over time to over $4 Million: as of December 31, 2017.

RESPONSE: Paragraph 32 is DENIED, including for lack of information.

33.  Moreover, the Debtor's books and records demonstrate that it was always insolvent and undercapitalized at all relevant times. For example, the Debtor's books and records demonstrate that between January l, 2012 and the petition date the Debtor's assets totaled between approximately $1.3 Million and $2.4 Million. By contrast, between January 1, 2012 and the petition date the Debtor's books and records demonstrate that its liabilities totaled between approximately $5.3 Million and $19.2 Million.

RESPONSE: Paragraph 33 is DENIED, including for lack of information.

34.  The Debtor was also mired in litigation and threats of litigation during all times relevant to this complaint.

RESPONSE: Paragraph 34 is DENIED, including for lack of information.

35.  For instance, on December 12, 2014, Race Engines Plus ("REP") sought damages from the Debtor on account of substantial unpaid debts related to the 2013 through 2015 race seasons in the Superior Court of Cabarrus County, North Carolina in the case captioned BK Racing v. Race Engines Plus, LLC. et al, LLC, et al.; Case No: 14-CVS-3618 (the "REP Action").

RESPONSE: Paragraph 35 is DENIED, including for lack of information.

36.  In the REP Action, REP sought damages from the Debtor based upon theories of, among other things, breach of contract and unfair trade practices.

RESPONSE: Paragraph 36 is DENIED, including for lack of information.

37.  On January 2, 2017, a judgment was entered in the REP Action in favor of REP and against the Debtor in the amount of $1,462,648.00.

RESPONSE: Paragraph 37 is DENIED, including for lack of information.

38.  In addition, pursuant to a Commercial Guaranty dated May 31, 2016 and an Unconditional Guaranty dated May 15, 2017, the Debtor guaranteed multiple loans made by

Union Bank & Trust ("UBT") to Ron Devine and certain affiliated entities.  In connection with executing theses guarantees, the Debtor also executed written security agreements pledging certain of its assets to secure the loans made by UBT.

RESPONSE: Paragraph 38 is DENIED, including for lack of information.

39.  As of December 31, 2016, many of the UBT loans matured or were in default and remained in default through the petition date.

RESPONSE: Paragraph 39 is DENIED, including for lack of information.

40.  As a result of these defaults, on January 23, 2018, UBT commenced a civil action against the Debtor in the Superior Court of Mecklenburg County, North Carolina in the case captioned Union Bank & Trust v. BK Racing, LLC, Case No. 14-CVS-1067, (the "UBT Action").

RESPONSE: Paragraph 40 is DENIED, including for lack of information.

41.  In the UBT Action, UBT sought, among other things, damages and the appointment of receiver.  The UBT Action was stayed upon the Debtor's filing of this bankruptcy case.

RESPONSE: Paragraph 41 is DENIED, including for lack of information.

## RESERVATION OF RIGHTS

42.  The Trustee intends to avoid and recover all avoidable transfers that were made by the Debtor to the Defendant.  Accordingly, in the event additional transactions or transfers are identified through discovery in this case, the Trustee expressly reserves the right to amend this Complaint to add additional claims or to seek to avoid and recover other transfers of property of the Debtor to the Defendant.

RESPONSE: Paragraph 42 contains legal conclusions for which no response is required. To the extent paragraph 42 contains factual allegations, those allegations are

DENIED. Further, Defendant opposes any amendment for the addition of claims or recovery of transfers.

## FIRST CLAIM FOR RELIEF
Avoidance of Transfers
Pursuant to 11 U.S.C. § 544(b) and N.C. Gen. Stat. § 39-23 .1 et seq.
(Actual Fraud)

43. Plaintiff realleges all paragraphs of this complaint and incorporates them by reference as if fully set forth herein.

RESPONSE: Defendant re-pleads and re-alleges all responses as if fully set forth herein.

44. The Transfers were made within four (4) years of the Petition Date, which payments constituted transfers of an interest of the Debtor in property.

RESPONSE: Paragraph 44 is DENIED.

45. The Transfers were made with the actual intent to hinder, delay, or defraud an entity or entities to which the Debtor was or became indebted, on or after the date that the Transfers were made.

RESPONSE: Paragraph 45 is DENIED.

46. As a result, Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 544(b) and N.C. Gen. Stat. § 39-23.1 et seq.

RESPONSE: Paragraph 46 is DENIED.

## SECOND CLAIM FOR RELIEF
Avoidance of Transfers
Pursuant to 11 U.S.C. § 544(b) and N.C. Gen. Stat. § 39-23 .1 et seq.
(Constructive Fraud)

47. Plaintiff realleges all paragraphs of this complaint and incorporates them by reference as if fully set forth herein.

RESPONSE: Defendant re-pleads and re-alleges all responses as if fully set forth herein.

48.  The Transfers were made within four (4) years of the Petition Date, which payments constituted transfers of an interest of the Debtor in property.

RESPONSE: Paragraph 48 is DENIED.

49.  The Debtor received less than reasonably equivalent value in exchange for the Transfers.

RESPONSE: Paragraph 49 is DENIED.

50.  The Debtor was insolvent on the date that the Transfers were made or became insolvent as a result of the Transfers.

RESPONSE: Paragraph 50 is DENIED.

51.  At the time of the Transfers, the debtor was engaged in business or a transaction, or was about to engage in business or transactions, for which any property remaining with the Debtor was an unreasonably small capital.

RESPONSE: Paragraph 51 is DENIED.

52.  At the time of the Transfers, the Debtor intended to incur, or believed that the Debtor would incur, debts that were beyond the Debtor's ability to pay as such debts matured.

RESPONSE: Paragraph 52 is DENIED.

53.  As a result, Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 544(b) and N.C. Gen. Stat. § 39-23.1 et seq.

RESPONSE: Paragraph 53 is DENIED.

## THIRD CLAIM FOR RELIEF
Recovery of Transfers
Pursuant to 11 U.S.C. § 550

54.  Plaintiff realleges all paragraphs of this complaint and incorporates them by reference as if fully set forth herein.

RESPONSE: Defendant re-pleads and re-alleges all responses as if fully set forth herein.

55.  The Transfers are avoidable pursuant to 11 U.S.C. § 544.

RESPONSE: Paragraph 55 is DENIED.

56.  The Defendant was either the initial transferee of the Transfers or the entity for whose benefit the Transfers were made.

RESPONSE: Paragraph 56 is DENIED

57.  Alternatively, the Defendant was the immediate or mediate transferee of such initial transferee.

RESPONSE: Paragraph 57 is DENIED

58.  As a result, the Plaintiff is entitled to recover the Transfers or their value from the Defendant pursuant to 11 U.S.C. § 550(a).

RESPONSE: Paragraph 58 is DENIED

## II. AFFIRMATIVE DEFENSES

A.    GOOD FAITH AND REASONABLY EQUIVALENT VALUE. On June 17, 2014 Defendant funded a $200,000 loan to BK Racing, LLC. In return, BK Racing, LLC issued a promissory note, and repaid the loan and note. The Fedwire transfer sheet showing Defendant's transfer of funds to BK Racing, LLC, and BK Racing, LLC's promissory note are attached as Exhibits A and B, respectively, and incorporated herein. The wire transfer

information and check image showing BK Racing, LLC's full loan repayment are attached as Exhibit C and incorporated herein. A copy of the release that ICCP agreed to in conjunction with BK Racing's final note payment is attached as Exhibit D and incorporated herein. In this case Plaintiff seeks to avoid debt repayments as fraudulent transfers. Defendant acted in good faith, reasonably believed the BK Racing's transfers were loan repayments (because they were), and provided reasonably equivalent value, which means this action must be dismissed. See N.C. Gen. Stat. § 39-23.8(a).

B.    DAMAGE REDUCTION. Defendant acted in good faith and is entitled to reduce the amount of liability on any judgment by the amount of value contributed to BK Racing, LLC--$200,000. See Exhibit A (Fedwire transfer statement). Plaintiff is not entitled to any recovery. See N.C. Gen. Stat. § 39-23.8(d).

C.    REHABILITATION AND ORDINARY COURSE. The loan Defendant extended to BK Racing, LLC and repayments and transfers that it received we made in the ordinary course or pursuant to a good faith effort to rehabilitate BK Racing, LLC. Plaintiff is not entitled to avoid any transfers. See N.C. Gen. Stat. § 39-23.8(d).

D.    STATUTE OF LIMITATIONS. Defendant asserts any and all statutes of limitation and court orders that bar Plaintiff's claims.

E.    FURTHER DEFENSES. Defendant gives express notice of any affirmative defenses that may be discovered during this case, and expressly reserves the right to amend this pleading to conform to evidence and proof, and raise such additional defenses by dispositive motion or at trial.

## III. PRAYER FOR RELIEF

WHEREFORE, Defendant Iowa City Capital Partners LC prays for relief and judgment as follows:

A.  Dismissing Plaintiff's Complaint and all claims therein with prejudice, and denying all relief requested therein at the Plaintiff's cost;

B.  Ordering Plaintiff to pay Defendant's costs and expenses incurred in defending in this proceeding, including attorneys' fees as allowed by law;

C.  Awarding such other and further relief in Defendant's favor as the Court may deem just and proper under the circumstances.

Dated: June 12, 2020

Respectfully Submitted,

(Pro Hac Vice)

SIMMONS PERRINE MOYER BERGMAN, PLC

/ s/  Abram V. Carls
Abram V. Carls, AT0011818
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Phone: 319-366-7641
Facsimile: 319-366-1917
acarls@spmblaw.com

(Local Counsel)

POYNER SPRUILL LLP

/ s/  Matthew P. Weiner
Matthew P. Weiner, #37128
301 Fayetteville Street, Suite 1900
Raleigh, NC 27601
Phone: 919-783-2954
Facsimile: 919-783-1075
mweiner@poynerspruill.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 12, 2020, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Western District of North Carolina using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System. The undersigned further certifies the foregoing document was sent to persons or representatives via e-mail or US Mail postage pre-paid as set forth below.

ANDREW T. HOUSTON
MOON WRIGHT & HOUSTON, PLLC
ATTORNEYS FOR TRUSTEE
VIA CM/ECF

/s/ Matthew P. Weiner

# FedPayments Manager℠ -- Funds

| | | | |
|---|---|---|---|
| Environment: | Prod | ABA: | ███████ |
| Mode: | Prod | Service Unit: | ██████ |
| Cycle Date: | 06/17/2014 | System Date/Time: | 06/17/2014 12:45:16 |

| | | | |
|---|---|---|---|
| Status: | Completed | Message Type: | Standard |
| Create Time: | 06/17/2014 12:42:20 | Test/Prod: | Prod |
| IMAD: | 20140617 QMGFT007 000934 06171244 | | |
| OMAD: | 20140617 MMQFMPA7 000059 06171244 | | |

BASIC INFORMATION
Sender ABA {3100}:              ████████ MIDWESTONE B&T
Receiver ABA {3400}:            ████████ UNION BOWLING GRN
Amount {2000}:                  200,000.00
Type Code {1510}:               1000 - Transfer of Funds
Business Function {3600}:       CTR - Customer Transfer
Sender Reference {3320}:        ███████████
ORIGINATOR INFORMATION
Originator {5000}:
    ID Code:                    D - DDA Account Number
    Identifier:                 ████████
    Name:                       IOWA CITY CAPITAL PARTNERS LC
    Address:                    PO BOX 173
                                IOWA CITY, IA 52244-0173

BENEFICIARY INFORMATION
Beneficiary {4200}:
    ID Code:                    D - DDA Account Number
    Identifier:                 ████████
    Name:                       BK RACING
    Address:                    260 AVIATION DR
                                STATESVILLE NC

# PROMISSORY NOTE

$200,000                                                                June 17, 2014

## THE UNDERSIGNED REPRESENTS THAT THE LOAN EVIDENCED HEREBY IS BEING OBTAINED FOR BUSINESS/COMMERCIAL PURPOSES.

FOR VALUE RECEIVED, the undersigned, BK RACING, LLC, a North Carolina limited liability company (the "Maker"), hereby unconditionally promises to pay on demand to the order of IOWA CITY CAPITAL PARTNERS, LC, an Iowa limited liability company, or its assigns ("Payee"), in lawful money of the United States of America, the principal sum of Two Hundred Thousand Dollars ($200,000), together with interest in arrears on the unpaid principal balance at an annual rate equal to zero percent (0.0%) (subject to the default rate set forth in Section 2.3), in the manner provided below.

**1.      Payments.**

1.1      Principal and Interest.  The principal amount of this Note shall be due and payable upon demand.  Interest shall be calculated on the basis of a year of 365 or 366 days, as applicable, and charged for the actual number of days elapsed.  Interest on the unpaid principal balance of this Note shall be due and payable together with each payment of principal.

1.2      Manner of Payment.  All payments of principal and interest on this Note shall be made by certified or bank cashier's check or by wire transfer of immediately available funds to an account designated by Payee in writing. If any payment of principal or interest on this Note is due on a day that is not a business day, such payment shall be due on the next succeeding business day, and such extension of time shall be taken into account in calculating the amount of interest payable under this Note.  "Business Day" means any day other than a Saturday, Sunday or legal holiday in the State of North Carolina.

1.3      Prepayment.  Maker may, without premium or penalty, at any time and from time to time, prepay all or any portion of the outstanding principal balance due under this Note, provided that each such prepayment is accompanied by accrued interest on the amount of principal prepaid calculated to the date of such prepayment. Any partial prepayments shall be applied to installments of principal in inverse order of their maturity.

**2.      Defaults.**

2.1      Events of Default.  The occurrence of any one or more of the following events with respect to Maker shall constitute an event of default hereunder ("Event of Default"):

(a) If Maker shall fail to pay all of the principal or interest on this Note within one (1) business day after receiving a payment relating to the Speed Stick Gear sponsorship.

(b) If Maker shall fail to pay upon demand, by email or otherwise, all of the principal or interest on this Note and such failure continues for one (1) business day.

(c) If pursuant to or within the meaning of the United States Bankruptcy Code or any other federal or state law relating to insolvency or relief of debtors (a "Bankruptcy Law"), Maker

shall (i) commence a voluntary case or proceeding; (ii) consent to the entry of an order for relief against it in an involuntary case; (iii) consent to the appointment of a trustee, receiver, assignee, liquidator or similar official; (iv) make an assignment for the benefit of its creditors; or (v) admit in writing its inability to pay its debts as they become due.

(d) If a court of competent jurisdiction enters an order or decree under any Bankruptcy Law that (i) is for relief against Maker in an involuntary case; (ii) appoints a trustee, receiver, assignee, liquidator or similar official for Maker or substantially all of Maker's properties; or (iii) orders the liquidation of Maker, and in each case the order or decree is not dismissed within 60 days.

2.2    Notice by Maker.    Maker shall notify Payee in writing within five (5) days after the occurrence of any Event of Default of which Maker has actual or constructive knowledge.

2.3    Remedies.    If any amount payable hereunder is not paid when due (without regard to any applicable grace periods), whether at stated maturity, by acceleration or otherwise, such overdue amount shall bear interest at a rate of eighteen percent (18%) per annum, compounding daily, from the date of such non-payment until such amount is paid in full.  Upon the occurrence of an Event of Default hereunder (unless all Events of Default have been cured or waived by Payee), Payee may, at its option, (i) by written notice to Maker, declare the entire unpaid principal balance of this Note, together with all accrued interest thereon, immediately due and payable regardless of any prior forbearance and (ii) exercise any and all rights and remedies available to it under applicable law, including, without limitation, the right to collect from Maker all sums due under this Note. Maker shall pay all reasonable costs and expenses incurred by or on behalf of Payee in connection with Payee's exercise of any or all of its rights and remedies under this Note, including, without limitation, reasonable attorneys' fees.

**3. Miscellaneous.**

3.1    Representations.    Maker represents and warrants to Payee that:

(a) Organization and Powers.    Maker is a limited liability company duly organized, validly existing and in good standing under the laws of the State of North Carolina, and has all requisite power and authority to own its assets and carry on its business and to execute, deliver and perform its obligations under this Note.  Maker is qualified to do business and is in good standing in each jurisdiction in which the failure so to qualify or be in good standing could reasonably be expected to have a material adverse effect on the business, operations, or financial condition of the Maker and its subsidiaries taken as a whole.

(b) Authorization; No Conflict.    The execution, delivery and performance by Maker of this Note have been duly authorized by all necessary corporate action of Maker and do not and will not: (i) contravene the terms of the articles or certificate of incorporation, or bylaws, of Maker; (ii) result in a breach of or constitute a default under any material lease, instrument, contract or other agreement to which Maker is a party or by which it or its properties may be bound or affected; or (iii) violate any provision of any law, rule, regulation, order, judgment, decree or the like binding on or affecting Maker.

(c) <u>Binding Obligations.</u>  This Note constitutes the legal, valid and binding obligation of Maker, enforceable against Maker in accordance with its terms.

(d) <u>Consents.</u>  No authorization, consent, approval, license, exemption of, or filing or registration with, any governmental authority or agency, or approval or consent of any other person or entity, is required for the due execution, delivery or performance by Maker of this Note.

3.2    <u>Waiver.</u>  The rights and remedies of Payee under this Note shall be cumulative and not alternative.  No waiver by Payee of any right or remedy under this Note shall be effective unless in a writing signed by Payee.  Neither the failure nor any delay in exercising any right, power or privilege under this Note will operate as a waiver of such right, power or privilege, and no single or partial exercise of any such right, power or privilege by Payee will preclude any other or further exercise of such right, power or privilege or the exercise of any other right, power or privilege. To the maximum extent permitted by applicable law, (a) no claim or right of Payee arising out of this Note can be discharged by Payee, in whole or in part, by a waiver or renunciation of the claim or right unless in a writing signed by Payee; (b) no waiver that may be given by Payee will be applicable except in the specific instance for which it is given; and (c) no notice to or demand on Maker will be deemed to be a waiver of any obligation of Maker or of the right of Payee to take further action without notice or demand as provided in this Note. Maker hereby waives presentment, demand, protest and notice of dishonor and protest.

3.3    <u>Severability.</u>  If any provision in this Note is held invalid or unenforceable by any court of competent jurisdiction, the other provisions of this Note will remain in full force and effect. Any provision of this Note held invalid or unenforceable only in part or degree will remain in full force and effect to the extent not held invalid or unenforceable.

3.4    <u>Governing Law.</u>  This Note will be governed by and construed under the laws of the State of Iowa, without regard to conflicts-of-laws principles that would require the application of any other law.  Maker further stipulates that the state or federal courts serving Johnson County, Iowa shall have jurisdiction over any and all disputes related to this Note, or any issue discussed herein and shall be the exclusive venue for such disputes.

3.5    <u>Parties in Interest.</u>  This Note may be assigned or transferred by Payee without the express prior written consent of Maker. This Note will be binding in all respects upon Maker and inure to the benefit of Payee and its successors and assigns.

IN WITNESS WHEREOF, the Maker has executed and delivered this Note on the day and year first above written.

MAKER:

BK RACING, LLC

By:  _____

Name:    Ronald C. Devine

Title:    President

# FedPayments Manager℠ -- Funds

| | |
|---|---|
| Delivered to FPM: | 06/27/2014 16:53:42 |
| IMAD: | |
| OMAD: | |

Test/Prod:   Prod

**BASIC INFORMATION**

| | |
|---|---|
| Sender ABA {3100}: | ▮▮▮▮ |
| Receiver ABA {3400}: | ▮▮▮▮ |
| Amount {2000}: | 50,000.00 |
| Type/Subtype Code {1510}: | 1000 - Transfer of Funds |
| Business Function {3600}: | CTR - Customer Transfer |
| Sender Reference {3320}: | ▮▮▮▮ |

**ORIGINATOR INFORMATION**

Originator {5000}
| | |
|---|---|
| ID Code: | D - DDA Account Number |
| Identifier: | ▮▮▮▮ |
| Name: | BK RACING LLC |
| Address: | 6320 AUGUSTA DR SUITE 1500 |
| | SPRINGFIELD VA 22150-2527 |

**BENEFICIARY INFORMATION**

Beneficiary {4200}
| | |
|---|---|
| ID Code: | D - DDA Account Number |
| Identifier: | ▮▮▮▮ |
| Name: | IOWA CITY CAPITAL PARTNERS, LC |

**EXHIBIT C**
**Page 1 of 3**

# FedPayments Manager ℠ -- Funds

| | | | |
|---|---|---|---|
| Delivered to FPM: | 07/18/2014 15:30:50 | Test/Prod: | Prod |
| IMAD: | | | |
| OMAD: | ███████████████ | | |

**BASIC INFORMATION**

| | |
|---|---|
| Sender ABA {3100}: | ███164 |
| Receiver ABA {3400}: | ███233 |
| Amount {2000}: | 25,000.00 |
| Type/Subtype Code {1510}: | 1000 - Transfer of Funds |
| Business Function {3600}: | CTR - Customer Transfer |
| Sender Reference {3320}: | 20141990048300 |

ORIGINATOR INFORMATION
Originator {5000}

| | |
|---|---|
| ID Code: | D - DDA Account Number |
| Identifier: | ████████ |
| Name: | BK RACING LLC |
| Address: | 6320 AUGUSTA DR SUITE 1500 |
| | SPRINGFIELD VA 22150-2527 |

BENEFICIARY INFORMATION
Beneficiary {4200}

| | |
|---|---|
| ID Code: | D - DDA Account Number |
| Identifier: | ███771 |
| Name: | IOWA CITY CAPITAL PARTNERS, LC |

**EXHIBIT C**
**Page 2 of 3**



0 - $125,000.00 - 7/20/2015

7671 - $125,000.00 - 7/20/2015

EXHIBIT C
Page 3 of 3

## RELEASE AGREEMENT

This Release Agreement (hereinafter, "Agreement") is entered into and effective this the ___ day of May, 2015, by and between Iowa City Capital Partners, LC ("ICCP") and BK Racing, LLC ("BKR").

Pursuant to the terms of a June 17, 2014 Promissory Note (hereinafter, the "Note") ICCP loaned to BKR the total sum of $200,000.00. In conjunction with BKR making a final payment intended to satisfy the Note, in full, and for the avoidance of doubt regarding the enforceability of either of the party's continuing obligations under the Note, if any, the Parties desire to enter into this Agreement to fully and completely resolve all issues and disputes of any kind or nature whatsoever ever arising from or related to the Note.

Therefore, in consideration of the matters set forth above and for other good, valid and valuable consideration, the parties hereby agree as follows:

1. In conjunction with the execution and delivery of this Agreement, BKR shall pay to ICCP the total sum of ONE HUNDRED TWENTY FIVE THOUSAND DOLLARS AND NO CENTS ($125,000.00); and

2. The parties hereby release each other and their respective officers, directors, managers, attorneys, agents, representatives, employees and affiliates from all claims or causes of action, legal or equitable, known or unknown, that arise from or relate to the Note in any manner, and the parties agree that all disputes concerning the Note are settled, waived, and released in full.

Each party has executed this Agreement as of the effective date set forth above, and agrees that this Agreement may be executed and delivered electronically, in counterparts.

**IOWA CITY CAPITAL PARTNERS**

By: _____(SEAL)
    Anthony Marlowe
Title: Owner


**BK RACING, LLC**

By: _____(SEAL)
    Ronald C. Devine
Title: President

**EXHIBIT D**
**Page 1 of 1**